NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCUS L. HUDSON, | ) | No. C 03-1876 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER ADDRESSING |
| | ) | PETITIONER'S REQUESTS; |
| | ) | FURTHER ORDER TO SHOW |
| vs. | ) | CAUSE REGARDING |
| | ) | SECOND AMENDED |
| | ) | PETITION; INSTRUCTIONS |
| A.A. LAMARQUE, Warden, | ) | TO CLERK |
| | ) | |
| Respondent. | ) | |
| | ) | (Docket Nos. 36, 37, 41, 45, 46) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 5, 2004, the Court ordered Respondent to show cause why the petition should not be granted. On April 19, 2004, Respondent filed a motion to dismiss the petition for failure to exhaust state remedies. Petitioner filed a traverse opposing the motion to dismiss and a motion to withdraw and stay his pending habeas petition in order to exhaust his state court remedies. The Court granted Respondent's motion to dismiss and dismissed the petition with leave to amend. The Court denied Petitioner's motion to withdraw and stay the instant petition without prejudice. The Court directed Petitioner to file an amended petition containing only

exhausted claims and renew his motion to stay the amended petition.  Petitioner filed an amended petition, which was mistakenly opened as a new habeas action in case no. C 05-1486 JF (PR) on April 5, 2005.  Thereafter, Petitioner notified the Court that his state habeas petition was denied by the California Supreme Court.

On May 7, 2007, Petitioner filed a motion to expedite his case.  On May 11, 2007, the Court denied Petitioner's motion without prejudice and directed Petitioner to file a second amended petition containing all of his exhausted claims within thirty days.  The Court instructed Petitioner that he must include in his second amended petition all of the exhausted claims he intends to raise in this federal habeas action, including the exhausted claims in his amended petition and the additional newly exhausted claims.

In its September 28, 2007 Order to Show Cause, the Court noted that Petitioner had not filed a second amended petition, nor communicated with the Court.  Therefore, the Court ordered Respondent to show cause why the amended petition should not be granted addressing Petitioner's two claims:: (1) denial of Petitioner's Marsden[1] motion for new counsel violated his right to counsel under the Sixth Amendment; and (2) the trial court erred in instructing the jury pursuant to CAL JIC No. 17.41.1 in violation of Petitioner's constitutional rights.  Respondent filed an answer and supporting memorandum on November 15, 2007.  Petitioner has filed a request for correction, a request for appointment of counsel, and a request to file a second amended petition.  Thereafter, the Court granted Petitioner's motion for extension of time to file a traverse.  Petitioner filed a traverse and a second amended petition on December 13, 2007.  Petitioner has filed two requests for status.  The Court will address Petitioner's requests as set forth below.  The Court issues a further order to show cause to Respondent to file a supplemental answer and show cause why the second amended petition should not be granted.

---

[1] People v. Marsden, 2 Cal. 3d 118 (1970).

**DISCUSSION**

A.   Petitioner's Request for Correction

On October 11, 2007, Petitioner filed a request to correct the erroneous filing. Petitioner alleges that the Court's September 28, 2007 order, stating that Petitioner did not file a second amended petition, is incorrect. Petitioner states that he did file a second amended petition which was mistakenly opened as a new action in case no. C 05-1486 JF (PR). He requests that the Court correct this error. However, Petitioner did not file a second amended petition, rather he filed an amended petition containing his two exhausted claims, which was filed in case no. C 05-1486 JF (PR). In the Court's order closing the 2005 case, the Clerk was instructed to transfer all documents from the C 05-1486 JF (PR) case to the instant case. Thereafter, the Court proceeded with the amended petition because Petitioner had not filed a second amended petition. Accordingly, Petitioner's request for correction (docket no. 36) is DENIED.

B.   Petitioner's Request for Appointment of Counsel

Petitioner moves the Court for appointment of counsel in this habeas action. As stated in the Court's previous order denying counsel, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).

The Court concludes that appointment of counsel is not necessary at this time. As discussed below, the Court will allow Petitioner to proceed with the additional claims set forth in his second amended petition. Petitioner has aptly presented his claims so far and

Order Addressing Petitioner's Requests; Further Order to Show Cause Regarding Second Amended Petition; Instructions to Clerk
P:\pro-se\sj.jf\hc.03\hudson876oscamend2                3

no evidentiary hearing is necessary at this time. Accordingly, Petitioner's request for appointment of counsel (docket no. 37) is DENIED without prejudice.

C.   Petitioner's Request to File Second Amended Petition

Petitioner has filed a request to file a second amended petition. Petitioner states that he was unable to comply with the Court's order directing him to file a second amended petition containing all of his exhausted claims because the prison has been on lockdown due to a race riot. Petitioner was unable to use the law library during the lockdown time period. Thereafter, Petitioner filed a second amended petition with his traverse on December 13, 2007. See Pet.'s Traverse, Exhibit D. The Court concludes that Petitioner has shown good cause for an extension of time and grants Petitioner leave to file the second amended petition. Petitioner's request to file a second amended petition (docket no. 41) is GRANTED. The second amended petition, filed on December 13, 2007, is deemed timely. The Court orders Respondent to show cause why the second amended petition should not be granted. Respondent shall file a supplemental answer, addressing the remaining claims in the second amended petition pursuant to the Court's further scheduling order as set forth below.

D.   Petitioner's Requests for Status

Petitioner has filed two requests for a status report. Petitioner's requests (docket nos. 45, 46) are GRANTED. The Clerk shall send a copy of the docket sheet to Petitioner.

**CONCLUSION**

1.   Petitioner's request for correction (docket no. 36) is DENIED.

2.   Petitioner's request for appointment of counsel (docket no. 37) is DENIED without prejudice.

3.   Petitioner's request to file a second amended petition (docket no. 41) is GRANTED.

4.   Petitioner's requests for status (docket nos. 45, 46) are GRANTED.

The Clerk shall send a copy of the docket sheet to Petitioner.

5. The Clerk shall serve by mail a copy of this order and the second amended petition and all attachments thereto (docket no. 43) upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

6. Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the issuance of this order, a supplemental answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why the second amended petition should not be granted. Respondent shall file with the supplemental answer and serve on Petitioner a copy of all portions of the state criminal proceedings that have been transcribed previously and that are relevant to a determination of the issues presented by the second amended petition.

If Petitioner wishes to respond to the supplemental answer, he shall do so by filing a supplemental traverse with the Court and serving a copy on Respondent **within thirty (30) days** of his receipt of the answer.

7. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition **within thirty (30) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply **within fifteen (15) days** of receipt of any opposition.

8. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."

///

Order Addressing Petitioner's Requests; Further Order to Show Cause Regarding Second Amended Petition; Instructions to Clerk
P:\pro-se\sj.jf\hc.03\hudson876oscamend2

5

1  Petitioner must comply with the Court's orders in a timely fashion.  Failure to do so may
2  result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
3  Civil Procedure 41(b).
4          IT IS SO ORDERED.
5  DATED: 4/22/08

                                        _____
                                        JEREMY FOGEL
                                        United States District Judge